391 P.2d 433

**Robert LUKUS, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION of Utah, Defendant.**

**No. 10029.**

Supreme Court of Utah.

April 21, 1964.

Gustin, Richards & Mattsson, Norman H. Jackson, Richfield, for plaintiff.

A. Pratt Kesler, Atty. Gen., Ronald N. Spratling, Jr., Asst. Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Chief Justice:

Appeal from the Industrial Commission's denial of an award. Affirmed.

Appellant lived in Fredonia, Arizona, about 19 miles from Kanab, Utah, where he injured his index finger while welding a pipe. One Townsley, tool pusher for a drilling company that was engaged in drilling an oil well, called applicant to have some welding performed. He asked Lukus to come to the job site at 10:00 a. m., two hours after the regular crew went to work. Lukus brought his own welding equipment in his own truck. Townsley told him what to do, which consisted of 4 or 5 different welding jobs and left him alone to accomplish the work. The only other thing Townsley did was to inspect the completed jobs. The drilling company had no welding equipment of its own or any regularly employed welders, and it appeared that whenever the drilling company had any welding to be done it was in isolated cases, performed by experienced welders called in for that specific purpose. The company furnished no tools to Lukus, except there were some wrenches available for use by anyone needing them. The going rate for welders was $4 an hour. Lukus charged $6, stating, however, that the differential was for his transportation and expenses. Lukus was paid $30 by the oil company for 5 hours work. Neither the drilling company nor the oil company considered or listed Lukus as one of its employees. Lukus filed for unemployment compensasion for time out of work after the injury but was denied any such compensation.

■ The above is substantially the evidence, with some minor contradictions. It would appear that there was sufficient believable testimony supporting the Commission's action, as to justify its affirmance and to negate any claim that it was arbitrary or capricious.

■ The applicant urges that 1) under the facts, the Commission erred, which claim we have said above was without merit; 2) that the Commission's action violated the spirit and intention of the Act, which contention we also conclude to be without merit; and 3) it was error not to have given applicant notice of the filing of Townsley's deposition.

As to 3): Applicant was notified of the time and place of the deposition but did not attend, saying he couldn't afford it. He had asked that Townsley be questioned. The deposition was admitted in evidence at the hearing without objection and there appears to have been no objection thereto except for the first time on appeal. The complaint only was that notice was not given promptly, not that the deposition itself was prejudicial.

A pending motion to dismiss the writ of review is denied, and by virtue of the type and circumstances of this matter, no costs are awarded.

McDONOUGH, CROCKETT, CALLISTER and WADE, JJ., concur.